<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-6400**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MARSHALL D. BROOKS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:02-cr-00454-HEH-1; 3:05-cv-00348-HEH)

_____

Submitted: June 9, 2008              Decided: June 27, 2008

_____

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Marshall D. Brooks, Appellant Pro Se. Roderick Charles Young, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marshall D. Brooks seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Brooks' § 2255 motion was entered July 11, 2006. Brooks subsequently filed a Motion for Certificate of Appealability in the district court on June 28, 2007.[*] Even if this motion were determined to be the functional equivalent of a notice of appeal, see Smith v. Barry, 502 U.S. 244, 248-49 (1992), we conclude that it would have been untimely filed. Because Brooks failed to file a timely notice of appeal or timely

---

[*]For the purpose of this appeal, we assume that the date appearing on Brooks' motion for a certificate of appealability is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED